04/13/11  2:07PM

Last revised 9/1/10

## UNITED STATES BANKRUPTCY COURT
District of New Jersey

| | | |
|---|---|---|
| IN RE: **Darren M Gruner** | CASE NO | #11 |
| | JUDGE | **The Honorable Judge Burns** |
| (Debtor) | CHAPTER | 13 |

## CHAPTER 13 PLAN AND MOTIONS

☒ Original ☐ Modified/Notice Required ☒ Discharge Sought
☐ Motions Included ☐ Modified/No Notice Required ☐ No Discharge Sought

Date:  4/13/2011

**THE DEBTOR HAS FILED FOR RELIEF UNDER CHAPTER 13
OF THE BANKRUPTCY CODE.**

**YOUR RIGHTS WILL BE AFFECTED.**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. It contains an important supplement to Part 4 regarding secured claims. The supplement sets out filing requirements for proofs of claim for secured claims, and requirements regarding claims secured by a security interest in the debtor's principal residence, including notice of payment changes and notice of fees, expenses and charges incurred in connection with the claim after the bankruptcy case was filed. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. **This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice.**

**YOU SHOULD FILE A PROOF OF CLAIM BY THE DEADLINE STATED
IN THE NOTICE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN
THAT MAY BE CONFIRMED, EVEN IF THE PLAN REFERS TO YOUR CLAIM**

**Part 1: Payment and Length of Plan**

a. The Debtor shall pay  **$819.00**  **Monthly**  to the Chapter 13 Trustee, starting on  **5/1/2011**  for approximately  **60**  months.

b. The Debtor shall make plan payments to the Trustee from the following sources:

☒ Future Earnings

☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion:

☐ Refinance of real property
Description:
Proposed date for completion:

☐ Loan modification with respect to mortgage encumbering property
Description:
Proposed date for completion:

  d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

  e. ☐ Other information that may be important relating to the payment and length of plan: _____

**Part 2: Adequate Protection**

 a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

 b. Adequate protection payments will be made in the amount of $____ to be paid directly by the Debtor(s) outside of the Plan, pre-confirmation to ____ [creditor].

**Part 3: Priority Claims (Including Administrative Expenses)**

All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Isabel C. Balboa, Chapter 13 Standing Trustee | | $4,465.00(estimated) |
| Wizmur & Finberg, LLP | | $2,774.00 |
| Barbara Davis/Burlington County Probation | | $30,000.00 |
| Internal Revenue Service | | $2,400.00 |

**Part 4: Secured Claims**

> **Please see the supplement to this section containing information regarding secured claims. It is located at the end of the plan.**

 **a. Curing Default and Maintaining Payments**

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the Debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

 **b. Modification**

 1.) The Debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| **NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.** ||||||||
| Ford Motor Credit Corporation | 2006 Ford F-150 | #17,122.00 | $9,000.00 | n/a | | 5% | $9,480.00 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**c. Surrender**

Upon confirmation, the stay is terminated as to surrendered collateral. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| **-NONE-** | | | |

**d. Secured Claims Unaffected by the Plan**

The following secured claims are unaffected by the Plan:

| Creditor |
|---|
| 1. Aurora Loan Services |
| 2. Santander Consumer, USA |
| 3. Burlington County  Probation Order/separate order from child support |

e. Secured Claims to be paid in full through the Plan

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| | | |

**Part 5: Unsecured Claims**

a. **Not separately classified**  Allowed non-priority unsecured claims shall be paid:

___**X**___ Not less than $__**0.00**__ to be distributed *pro rata*

_____ Not less than ___ percent

____ Pro rata distribution from any remaining funds

b. **Separately Classified Unsecured Claims** shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| **-NONE-** | | | |

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com                                                                                   Best Case Bankruptcy

**Part 6: Executory Contracts and Unexpired Leases**

All executory contracts and unexpired leases are rejected, **except** the following, which are **assumed:**

| Creditor | Nature of Contract or Lease | Treatment by Debtor |
|---|---|---|
| **-NONE-** | | |

**Part 7: Motions**

> **NOTE: All plans containing motions must be served on all potentially affected creditors, together with a Chapter 13 Plan Transmittal Letter, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Proof of Service must be filed with the Clerk of Court when the Plan and Transmittal Letter are served.**
>
> **Where a motion to avoid liens or partially avoid liens has been filed in the plan, a proof of claim filed that asserts a secured claim that is greater than the amount to be paid in the plan serves as opposition to the motion, and serves as an objection to confirmation. The proof of claim shall be served in accordance with D.N.J. LBR 3015-6(a). The creditor shall file a proof of service prior to the scheduled confirmation hearing. In order to prosecute the objection, the creditor must appear at the confirmation hearing, which shall be the hearing on the motion. Failure to appear to prosecute the objection may result in the motion being granted and the plan being confirmed pursuant to the terms as set forth in the plan**.

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | | |

b. **Motion to Void Liens and Reclassify Claim from Secured to Completely Unsecured.** The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount of Lien to be Reclassified |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|
| | | | |
| | | | |

**Part 8: Other Plan Provisions**

a. **Vesting of Property of the Estate** Property of the Estate shall revest in the Debtor:

    __**X**__ Upon Confirmation

    _____ Upon Discharge

b. **Payment Notices** Creditors and Lessors provided for in Sections 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com    Best Case Bankruptcy

04/13/11 2:07PM

c. **Order of Distribution** The Trustee shall pay allowed claims in the following order:

1) Trustee Commissions

2) **Wizmur & Finberg, LLP**

3) Camden County Child Support

4) Internal Revenue Service

5) Ford Motor Credit Corporation

6) _____

d. **Post-petition claims** The Trustee is ☒, is not ☐ authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9 : Modification**

If this plan modifies a plan previously filed in this case, complete the information below.

Date of Plan being modified:

| Explain below **why** the Plan is being modified. | Explain below **how** the Plan is being modified |
|---|---|
| | |
| Are Schedules I and J being filed simultaneously with this modified Plan?   ☐ Yes | ☐ No |

**Part 10:  Sign Here**

The debtor(s) and the attorney for the debtor (if any) must sign this Plan.

Date **April 13, 2011** _____  /s/ **Andrew B. Finberg** _____
                                                  **Andrew B. Finberg**
                                                  Attorney for the Debtor

I certify under penalty of perjury that the foregoing is true and correct.

Date **April 13, 2011** _____  Signature  /s/ **Darren M Gruner** _____
                                                            **Darren M Gruner**
                                                            Debtor

5

**SUPPLEMENTAL PROVISIONS OF CHAPTER 13 PLAN & MOTIONS**

**4. SECURED CLAIMS.**

**1. Additional Requirements; Sanctions for Failure to Comply**

**(a) Itemized Statement of Interest Fees and Expenses.** If, in addition to its principal amount, a claim includes interest, fees, expenses or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim. The claim may also include charges pursuant to D.N.J. LBR 2016-1(j)(3).

**(b) Statement of Cure Amount.** A statement of the amount necessary to cure any default as of the date of the petition and any charges permitted under D.N.J. LB 2016- 1(j)(3) shall be filed with the proof of claim.

**(c) Escrow Account.** If a security interest is claimed in property that is the debtor's principal residence, and if an escrow account has been established in connection with the claim, an escrow account statement prepared as of the date the petition was filed and in a form consistent with applicable nonbankruptcy law shall be filed with the attachment to the proof of claim.

**(d) Failure to Provide Supporting Information.** If the holder of a claim fails to provide any information required by subdivisions (a), (b) and (c) above, the court may, after notice and hearing, take either or both of the following actions:

   i. preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless, or

   ii. Award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

**2. Notice Relating to Claims Secured by Security Interest in the Debtor's Principal Residence**

**(a) Notice of Payment Change.** If a claim secured by a security interest in the debtor's principal residence is provided for under the debtor's plan pursuant to § 1322(b)(5) of the Code, the holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice of any change in the payment amount, including any change that results from an interest rate or escrow account adjustment, no later than 21 days before a payment at a new amount is due.

**(b) Form and Content.** The Local Form designated as Notice of Payment Change may be filed and served. The notice shall not be subject to Rule 3001(f).

**c) Notice of Fees, Expenses and Charges.** If a claim secured by a security interest in the debtor's principal residence is provided for under the debtor's plan pursuant to § 1322(b)(5) of the Code, the holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee the Local Form designated as Notice of Fees, Expenses and Charges itemizing all fees, expenses, or charges, incurred in connection with the claim (i) after the bankruptcy case was filed, and (ii) that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be served within 180 days after the date on which such fees, expenses, or charges are incurred.

**(d) Determination of Fees, Expenses and Charges.** On motion of the debtor or trustee filed within one year after service of the notice required by subdivision (c) above, the court shall, after notice and hearing, determine whether payment of the fees, expenses, or charges is required by the underlying agreement and applicable nonbankruptcy law to cure the default or maintain payments in accordance with § 1322(b)(5) of the Code.

**(e) Response to Notice of Fees, Expenses and Charges.** If the debtor does not object to the Notice of Fees, Expenses and Charges, or if the debtor's objection is overruled, the debtor shall either 1) pay all post petition

6

amounts included in the Notice of Fees, Expenses and Charges; 2) enter into an agreed order allowing the claim (to be paid by the Trustee); or 3) take no action and the amounts claimed shall be deemed allowed, but will not be paid by the Trustee and will not be deemed to have been paid upon closure or conversion of the case.

**(f) Application of Payments.** The holder of a claim secured by a security interest in the debtor's principal residence shall apply payments from the Trustee to arrears being cured and payments from the debtor to maintain post-petition monthly payments.

**(g) Notice of Final Cure Payment.** Within 30 days of the debtor completing all payments under the plan, the trustee shall file and serve upon the holder of the claim, the debtor, and debtor's counsel a Local Form, Notice of Final Cure Payment stating that the debtor has paid in full the amount required to cure any default on the claim. The notice shall also inform the holder of its obligation to file and serve a response under subdivision (h). If the debtor contends that final cure payment has been made and all plan payments have been completed, and the trustee does not timely file and serve the notice required by this subdivision, the debtor may file and serve the Notice.

**(h) Response to Notice of Final Cure Payment.** Within 21 days after service of the notice under subdivision (g), the holder shall file and serve on the debtor, debtor's counsel, and the trustee a Local Form, Statement in Response to Notice of Cure Payment indicating whether (1) it agrees that the debtor has paid in full the amount required to cure the default on the claim, and (2) the debtor is otherwise current on all payments consistent with § 1322(b)(5) of the Code. The statement shall itemize the required cure or postpetition amounts, if any, that the holder contends remain unpaid as of the date of the statement. The Statement shall not be subject to Rule 3001(f).

**(i) Determination of Final Cure Payment.** On motion of the debtor or trustee filed within 21 days after service of the statement under subdivision (h) above, the court shall, after notice and hearing, determine whether the debtor has cured the default and paid all required postpetition amounts.

**(j) Order Deeming Mortgage Current.** If the holder of the secured claim fails to respond to the Trustee's Notice of Final Cure Payment given pursuant to subdivision (g) above, the debtor may submit a proposed order which deems the mortgage current. The proposed order shall be served on the holder of the secured claim and the trustee. The parties served with the order shall have 7 days to file and serve an objection. A hearing may be conducted on the objection in the court's discretion.

**(k) Failure to Notify.** If the holder of a claim fails to provide information required by subdivision (a), (c), or (h) above, the court may, after notice and hearing, take either or both of the following actions:

    i. preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless, or

    ii. award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com    Best Case Bankruptcy

United States Bankruptcy Court
District of New Jersey

In re:                                                              Case No. 11-21498-GMB
Darren M Gruner                                                     Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-1          User: kjohnson          Page 1 of 1          Date Rcvd: Apr 14, 2011
                              Form ID: pdf901         Total Noticed: 19

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 16, 2011.
```
db            +Darren M Gruner,   531 Blackwood-Clementon Road,    Clementon, NJ 08021-5921
smg            U.S. Attorney,   970 Broad St.,   Room 502,   Rodino Federal Bldg.,   Newark, NJ 07102-2534
smg           +United States Trustee,   Office of the United States Trustee,   One Newark Center,   Suite 2100,
                Newark, NJ 07102-5235
511877982      American Express,   PO Box 981535,   El Paso, TX 79998-1535
511877983     +Aurora Loan Services,   2617 College Park,   P.O. Box 1706,   Scottsbluff, NE 69363-1706
511877984     +Barbara Davis,   15 Washington Avenue,   Titusville, NJ 08560-1629
511877985     +Burlington County Probation,   49 Rancocas Road,   P.O. Box 6555,   Mount Holly, NJ 08060-6555
511877986    ++COLLECT AMERICA LTD,   4340 S MONACO PKWY,   2ND FL,   DENVER CO 80237-3408
               (address filed with court: Cach, LLC,   370 17th Street, Ste. 5000,   Denver, CO 80202-5690)
511877987      Capital One,   PO Box 30285,   Salt Lake City, UT 84130-0285
511877988     +Citibank CBSD NA,   701 E 60th St N,   Sioux Falls, SD 57104-0493
511877989     +Crop Production Services,   c/o Watts, Tice & Skowronek,   171 Main Street,
                Flemington, NJ 08822-1607
511877990      Ford Credit,   Customer Service Center,   PO Box 542000,   Omaha, NE 68154-8000
511877991     +John R. Morton Jr. Esq.,   110 Marter Avenue,   Suite 301,   Moorestown, NJ 08057-3124
511877992      Kennedy Concrete Inc.,   1983 S. East Street,   Vineland, NJ 08360-7141
511877993     +MBNA America,   PO Box 17054,   Wilmington, DE 19850-7054
511877996    ++STATE OF NEW JERSEY,   DIVISION OF TAXATION BANKRUPTCY UNIT,   PO BOX 245,
                TRENTON NJ 08646-0245
               (address filed with court: State of New Jersey,   Division of Taxation,   PO Box 245,
                Trenton, NJ 08695)
511877994     +Santander Consumer USA,   PO Box 961245,   Dallas, TX 76161-0244
511877997    ++US BANK,   PO BOX 5229,   CINCINNATI OH 45201-5229
               (address filed with court: US Bank,   425 Walnut Street,   Cincinnati, OH 45202-3923)
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
511877995      E-mail/Text: bankruptcy@bbandt.com Apr 14 2011 20:50:33    Sheffield Financial,   PO Box 1704,
                Clemmons, NC 27012-1704
                                                                                              TOTAL: 1
```

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Apr 16, 2011**                    **Signature:**    *Joseph Speetjens*